United States District Court
Southern District of Texas

**ENTERED**

October 19, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BUFORD RANDLE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-21 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ-CID), currently incarcerated in the Terrell Unit in Rosharon, Texas. (D.E. 4, Page 11). Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on January 13, 2016.[1] (D.E. 1, Page 11). The subject of the petition are 2014 Nueces County convictions for evading arrest and possession of a controlled substance. (D.E. 1, Page 2 and D.E. 4, Page 3). Petitioner alleges he received ineffective assistance of counsel in his underlying criminal cases and his plea was involuntary. (D.E. 4, Page 2). Petitioner submitted a memorandum of fact and law in addition to his petition on January 19, 2016. (D.E. 4).

---

[1] Petitioner left the date field on the signature line blank in his petition. However, January 13, 2016 appears both on his cover page and his records release authorization which are included with the petition. (D.E. 1, Pages 11-12). The petition was received by the Court on January 19, 2016. (D.E. 1, Pages 10-12); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.") The memorandum of fact and law was signed by Petitioner on January 14, 2016 but was received on January 19, 2016. (D.E. 4, Page 11).

On April 14, 2016, Respondent filed a Motion for Summary Judgment. (D.E. 13). On August 12, 2016, Petitioner filed a Response. (D.E. 24). As discussed below, it is recommended Respondent's Motion for Summary Judgment be **GRANTED,** Petitioner's request for an evidentiary hearing be **DENIED,** and Petitioner's action for habeas corpus relief be **DISMISSED**. It is further recommended a Certificate of Appealability be **DENIED**.

## I.      JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner was convicted in Nueces County, Texas, which is within the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000); 28 U.S.C. § 124(b)(6).

## II.     BACKGROUND

On or about August 30, 2012, Petitioner was driving in the City of Corpus Christi with a defective right headlight when he was stopped by the police. (D.E. 12-3, Page 11). Petitioner had a suspended driver's license and no current insurance on the vehicle and he was taken into custody. (D.E. 12-3, Page 11). During an inventory search of the vehicle, officers discovered a small bag which contained a small glass pipe in the center console and a small brown rock-like substance on the backseat floorboard. (D.E. 12-3, Page 11). Petitioner was charged with Possession of a Controlled Substance (Cocaine) and indicted by a grand jury in Case Number 12-CR-2890-E. (D.E. 12-11, Page 49). Additionally, on or about February 17, 2014, Petitioner experienced some car trouble. After exiting his vehicle to look under the hood of his car, he was approached by two police officers. (D.E.

4, Page 3). Petitioner jumped in his car and drove away from the police. (D.E. 4, Page 3). The police eventually stopped and arrested Petitioner. (D.E. 4, Page 3). While in custody for evading arrest, Case Number 14-CR-0561-E, the state elected to pursue the prior offense for possession of a controlled substance. (D.E. 4, Page 3).

On October 21, 2014, a jury found Petitioner guilty of evading arrest with a vehicle. (D.E. 12-2, Pages 4-6). After being found guilty, Petitioner reached an agreement with the prosecutor for the minimum punishment of 25 years in the Texas Department of Criminal Justice.[2] (D.E. 12-2, Page 7). The agreement also stated Petitioner would plead guilty to the possession of a controlled substance charge in Case Number 12-CR-2890-E. (D.E. 12-2, Pages 7-8). The parties further agreed to the minimum punishment of two years in Texas Department of Corrections for the possession of a controlled substance charge with the sentences for the two cases to run concurrently. (D.E. 12-2, Page 8). As part of this agreement, the State also agreed to not file a bail jumping case against the defendant for failing to appear in court for trial on August 11, 2014 and to dismiss or no charge a failure to identify case against Petitioner from September 2014. (D.E. 12-2, Pages 7-8). The trial court adopted the plea agreement, including the recommended sentence. (D.E. 12-2, Pages 12-20). Petitioner then appealed the conviction, which was denied by the Texas Court of Criminal Appeals on April 9, 2015. (D.E. 12-6 and D.E. 12-8).

---

[2] Petitioner was convicted of evading arrest or detention using a vehicle, a third degree felony, and as a habitual felony offender. (D.E. 12-14, Page 56). The indictment indicates Petitioner was previously convicted of two felonies: bail jumping on August 31, 2004 and aggravated assault on January 15, 2009. (D.E. 12-14, Pages 48-49). At sentencing, Petitioner pled true to the habitual felony offender enhancement as stated in the indictment, (D.E. 12-2, Pages 14-15 and D.E. 12-14, Page 56), which would enhance the penalty to a term of 25-99 years. *See* Tex. Penal Code § 12.42.

On September 17, 2015, Petitioner filed two applications for state writ of habeas corpus challenging each of his state court convictions. (D.E. 12-11, Page 20 and D.E. 12-4, Page 20). The 148th District Court of Nueces County received the state habeas applications and made findings of fact and conclusions of law in regards to both convictions. (D.E. 12-11, Pages 47-48 and D.E. 12-14, Pages 46-47). The state trial court found there was no necessity for an evidentiary hearing and recommended habeas relief be denied in relation to both cases. (D.E. 12-11, Page 47 and D.E. 12-14, Page 46). On On December 9, 2015, the Texas Court of Criminal Appeals ("state habeas court") denied the applications for habeas corpus without a written order on the findings of the trial court without a hearing. (D.E. 12-9 and D.E. 12-12). On January 13, 2016, Petitioner filed the pending action pursuant to 28 U.S.C. § 2254. (D.E. 1); *Spotville*, 149 F.3d at 376 (A pro se prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.").

## III.    APPLICABLE LAW

### A.    Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and summary judgment evidence show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with "significant probative evidence" the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus . . ."). While summary judgment rules apply with equal force in a § 2254 proceeding, the rules only apply to the extent they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).

**B.     Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254**

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted). Under AEDPA, a state prisoner may not obtain relief with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id*. at 413. The Court noted "unreasonable" is an objective standard and emphasized there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, 529 U.S. at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Under § 2254(d), a habeas court must determine what theories or arguments supported, or could have supported, the state court's decision. *Id*. at 102. Then it must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Id*. "[E]ven a strong case for relief does not mean the state court's

contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings . . .. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.

*Id*. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 103. In addition, if a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (quoting *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005)). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98. "[Section] 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Id*. at 100.

IV.    **DISCUSSION**

A.    **Plea Was Voluntary**

Petitioner alleges his plea was not voluntary because he made the plea while on antipsychotic drugs and because he was coerced by his counsel. (D.E. 4, Page 9). Respondent argues this claim is controverted by the trial court record. (D.E. 13, Pages 16-19). Further, Respondent asserts Petitioner provided no evidentiary support for his claim he was incompetent due to his use of medication. (D.E. 13, Page 18). The state habeas court found Petitioner was competent and entered into his agreement voluntarily and of his own free will. (D.E. 12-11, Page 47 and D.E. 12-14, Page 46). The agreement at issue was to discharge the jury after Petitioner was found guilty of evading arrest, to plead guilty to possession of cocaine, and to have the court assess the minimum punishment in both cases with sentences to run concurrently. (D.E. 12-11, Page 47 and D.E. 12-14, Page 46).

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Devill v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)). The Supreme Court has specifically held a guilty plea is a voluntary and intelligent choice among alternatives and not compelled when it is entered to avoid a longer sentence. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

While due process prohibits the conviction or guilty plea of a mentally incompetent person, the test of incompetency is "whether a defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.'" *Bouchillon v. Collins*, 907 F.2d 589, 592 (5th Cir. 1990) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)). In a habeas proceeding resulting from a state court conviction, the burden is on the petitioner to prove that he was incompetent in fact at the time of the plea by a preponderance of the evidence. *Bouchillon*, 907 F.2d at 592 (citing *Thompson v. Blackburn*, 776 F.2d 118 (5th Cir. 1985)).

In this case, Petitioner fails to meet the burden to prove he was incompetent at the time of his plea. Petitioner alleges he was on antipsychotic medication and he was diagnosed with multiple mental illnesses. However, Petitioner has only provided TDCJ medical records that show his medications and observations made during prison medical appointments after the trial. These records do indicate an "unspecified schizophrenia spectrum and other psychotic disorder" but the records state this was first observed on April 7, 2015 and nothing indicates its presence at the time of the proceedings at issue. Petitioner provides nothing but his own assertions that he was on antipsychotic medication and it made him incompetent at the time he plead guilty. "Not all people who have a mental problem are rendered by it legally incompetent." *Bouchillon*, 907 F.2d at 593.

The issue is whether any disorder rendered Petitioner unable to understand the proceeding against him." *Id*. Petitioner does not allege any reason why the medication or his alleged mental ailments made him incompetent or that the medication had any effect on him other than treating his mental ailments. Further, the transcript of the plea hearing indicates Petitioner was aware of the proceedings and understood them. (D.E. 12-2, Pages 6-7, 9-19). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted); *Hobbs*, 752 F.2d at 1081-82 (Such official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight.")

Petitioner has failed to show he was incompetent at the time of the plea and that his plea was anything other than knowing and voluntary. Therefore, it is recommended summary judgment be entered for Respondent on this issue.

## B.    Ineffective Assistance of Counsel

Petitioner's ineffective assistance of counsel claims are based on his trial counsel's alleged failure to investigate his mental health history or to request a competency evaluation, failure to present an affirmative defense based on his mental illness at trial, and failure to present mitigating evidence at guilt/innocence phase and punishment phase.[3] (D.E. 4, Page 4). The state habeas court found "Applicant's counsel rendered

---

[3] Additionally, Petitioner listed in his Memorandum of Fact and Law that trial counsel was ineffective for failing to file a competent motion for mental evaluation at the punishment phase of trial and plea hearing. (D.E. 4, Page 4).

effective assistance under *Strickland*." (D.E. 12-11, Page 47 and D.E. 12-14, Page 46). For the reasons that follow, the undersigned finds Petitioner has failed to demonstrate the state habeas court unreasonably denied his ineffective assistance of counsel claims. Therefore, it is recommended summary judgment be granted for Respondent on this issue.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland*. Petitioner must show counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense. *Id*. at 688-89. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Petitioner must prove he was prejudiced by his attorney's substandard performance, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

*Strickland* also applies to cases involving guilty pleas.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). However, in cases with guilty pleas, there is a different requirement to

---

However, this claim is not elaborated on or even mentioned in any other filing and Petitioner clearly does not rebut the burden of correctness as it applies to this claim.

show prejudice. For the "prejudice" prong, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. Petitioner must show "significant prejudice" in a noncapital context. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citing *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4 (5th Cir. 1993)). A defendant who enters a guilty plea waives his right to challenge the effectiveness of his counsel except with regard to the way the ineffectiveness relates to the voluntariness and intelligence of his guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (citing *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981)).

Further, Petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). This *McMann* standard applies where a defendant is represented by counsel and pleads guilty and the claim hinges on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann*, 397 U.S. at 771. Petitioner must "affirmatively prove" such prejudice rather than just allege it. *Strickland*, 466 U.S. at 693.

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. A petitioner "must identify the acts or omissions of

counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance while recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms." *Id*.

In addition, federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). Where the state court adjudicated an ineffective assistance claim on the merits, this Court must review petitioner's claim under both *Strickland* and § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions fell below the *Strickland* standard, it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. Once a guilty plea has been entered, all non-jurisdictional defects in the proceedings against a defendant are waived. *Estelle*, 711 F.2d at 682. A defendant may not subsequently attack the ineffectiveness of his counsel in any respects other than as the alleged ineffectiveness bears upon counsel's faulty advice that coerced a guilty plea. *Id*.

As discussed below, Petitioner fails to show the state court's determination was contrary to or involved an unreasonable application of *Strickland*, or was an unreasonable determination of the facts based on the evidence in the record.

### 1.     Failure to Investigate Mental Health

Petitioner claims his counsel was ineffective because he failed to investigate Petitioner's mental health history and to request a competency evaluation. (D.E. 1, Page 6 and D.E. 4, Page 7). Petitioner claims counsel failed to investigate his diagnoses of schizophrenia, bipolar disorder, and post-traumatic stress disorder (PTSD); his status as a mental patient at multiple hospitals; and his related military combat experiences. (D.E. 1, Pages 6-7; D.E. 4, Page 8 and D.E. 24, Page 8). Respondent argues Petitioner failed to provide evidence of his mental health or how it would have changed the outcome of the trial. (D.E. 13, Page 20). In his response, Petitioner contends had the judge and jury been allowed to consider expert testimony and his medical records "the entire case would have been cast in a new light." (D.E. 24, Page 10).

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id*. "[A] state habeas court's determination that counsel conducted a pretrial investigation or that counsel's conduct was the result of a fully informed strategic or tactical decision is a factual determination, while the adequacy of the pretrial investigation and the reasonableness of a particular strategic or tactical decision is a question of law, entitled to de novo review." *Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999). Trial counsel is "not required to pursue every path until it bears fruit or until all conceivable hope withers." *Lovett v. State of Fla.*, 627 F.2d 706, 708 (5th Cir. 1980). "[S]trategic choices

made after less than complete investigation are reasonable only to the extent that reasonable professional judgments support the limitations on investigation." *Wiggins v. Smith*, 539 U.S. 510, 512 (2003) (internal quotation marks omitted) (quoting *Stickland*, 466 U.S. at 690-91).

When assessing the reasonableness of an attorney's investigation, a court must consider the quantum of evidence already known to the attorney and whether the known evidence would lead a reasonable attorney to investigate further. *Id*. at 527. "To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). When a decision not to investigate is involved, the inquiry becomes whether the facts of the case indicate counsel's failure to investigate was within the range of competence demanded of attorneys in criminal cases. *Cook v. Lynaugh*, 821 F.2d 1072, 1078 (5th Cir. 1987) (quoting *McMann*, 397 U.S. at 771).

Here, Petitioner has failed to allege with any specificity what the investigation would have revealed and how it would have changed the outcome.[4] Petitioner has provided his medical records which contain a list of medications he was given by the TDCJ and mental health observations made by TDCJ staff on November 10, 2015. (D.E. 24-4). The trial and plea proceedings at issue took place in 2014, rendering any observations made after those proceedings irrelevant as to the results of any potential

---

[4] The undersigned does not examine the question of whether counsel's performance was deficient because it finds Petitioner was not prejudiced by the conduct in question.

investigation by Petitioner's counsel. Additionally, Petitioner makes a conclusory statement that his lawyer would have found he was mentally ill and it would have cast the case in a different light. Petitioner has simply made broad claims about what the investigation would have revealed and has failed to plead with any specificity how it would have changed the outcome of the case. The state court denied relief on this claim and Petitioner has not shown this was an unreasonable application of *Strickland*. The failure to investigate Petitioner's mental health did not affect the knowing or voluntary nature of Petitioner's plea. *See Estelle*, 711 F.2d at 682 (since the "guilty plea was voluntarily and knowingly made, he cannot now attack the ineffectiveness of his counsel in any respects other than as the alleged ineffectiveness bears upon counsel's faulty advice that coerced a guilty plea") Therefore, it is recommended summary judgment be entered for Respondent on this issue.

### 2.    Failure to Present Affirmative Defense

Petitioner next alleges his counsel failed to present an affirmative defense of his mental illness during trial. (D.E. 4, Page 7). Petitioner informed his counsel "he was not thinking right on the date of incident and that he was on medication." (D.E. 4, Page 6 and D.E. 24, Page 9). Petitioner also told counsel that allegedly due to a PTSD flashback, he thought the cops were the enemy out to harm him so he tried to get away from them. (D.E. 4, Page 6). Respondent argues Petitioner did not make a showing that an investigation into his mental health would have changed the outcome of his trial. (D.E. 13, Page 20). Additionally, Respondent cites to the trial record, where Petitioner stated he had the opportunity to speak with counsel about any possible defenses and was satisfied

with counsel's representation. (D.E. 13, Page 20). In his response, Petitioner again conclusively states had the factfinder been able to consider his medical history, the case would have been "cast in a new light." (D.E. 24, Page 10).

"In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Hill*, 474 U.S. at 59. "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Id*. "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id*. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Bare allegations of failing to reasonably investigate do not suffice. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993).

Here, Petitioner was convicted at trial of evading arrest.[5] A defendant's knowledge that a police officer is trying to arrest or detain him is an essential element of evading

---

[5] The elements of evading arrest are (1) a person, (2) who intentionally flees, (3) from a peace officer, (4) with knowledge he is a peace officer, (5) who is attempting to arrest defendant, and (6) the attempted arrest is lawful. *See Rodriguez v. State*, 578 S.W.2d 419 (Tex. Crim. App. 1979).

arrest. *See Duvall v. State*, 367 S.W.3d 509 (Tex. App.-Texarkana 2012, pet. ref'd). Petitioner claims he was suffering from PTSD and believed the police officers were enemies of war attempting to get him. Petitioner asserts he informed his trial counsel of this fact and the fact he suffered from multiple mental illnesses. If this claim were true, the jury could consider it as evidence negating the element that Petitioner had knowledge a police officer was trying to detain him.

However, Petitioner does not allege with specificity what the investigation would have revealed other than general statements nor does he allege how the information would have specifically altered the outcome of the trial. Petitioner conclusively states he was having a PTSD flashback at the time of the offense and presents the court with medical records from after he was incarcerated and well after pleading guilty. Further, Petitioner presents no evidence of a PTSD diagnosis before or at the time of the offense other than stating it in a conclusory fashion, and the medical records provided for the time after the offense also do not contain any mention of PTSD. Petitioner states he was a patient at several hospitals in Texas but does not state what an examination of his records from those hospitals would reveal about him other than listing several mental disorders he alleges to be diagnosed with. Petitioner additionally states counsel failed to review his military records, but Petitioner does not state what would have been found in them.[6] Finally, Petitioner fails to allege with any sort of specificity how any potential information would have altered the outcome of the trial. Petitioner simply asserts the case

---

[6] Petitioner does vaguely mention an incident where he was allegedly attacked by refugees and enemies who were attempting to take possession of the military vehicle he was assigned to drive. (D.E. 4, Page 8).

would have been cast in a different light or he would be seen as mentally ill. In short, Petitioner "has been unable to show what further investigation would have revealed and how it would have helped him." *Green*, 882 F.2d at 1003.

The state court denied relief on this claim and Petitioner has not shown this was an unreasonable application of *Strickland*. The failure to present an affirmative defense did not impact the knowing and voluntary nature of Petitioner's plea. Therefore, it is recommended summary judgment be entered for Respondent on this issue.

### 3.      Failure to Present Mitigating Evidence at Sentencing

Petitioner next alleges his counsel ignored and failed to present mitigating evidence at the punishment phase of trial and the plea hearing. (D.E. 4, Page 7). Petitioner conclusively states the decision not to present mitigating evidence was deficient conduct. (D.E. 4, Pages 8-9). Respondent maintains Petitioner did not provide any evidence of his past mental health issues or at the time of trial and therefore, he has not met his burden of showing what an investigation into his mental health would have revealed. (D.E. 13, Page 20). In response, Petitioner contends his medical records and potential expert testimony would have made the judge view him as a severely mentally ill veteran who committed a non-violent crime. (D.E. 24, Page 10).

The right to have mitigating evidence means little if counsel fails to present a case for mitigation at sentencing. *Strickland*, 466 U.S. at 706 (citation omitted). However, *Strickland* does not "require defense counsel to present mitigating evidence at sentencing in every case." *Wiggins*, 539 U.S. at 533. It is clear "the failure to present mitigating evidence does not per se demonstrate ineffective assistance of counsel." *Crane v.*

*Johnson*, 178 F.3d 309, 314 (5th Cir. 1999) (citing *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997)). "If such an omission is based on well informed, strategic decisions, it is 'well within the range of practical choices not to be second-guessed.'" *Rector*, 120 F.3d at 564 (quoting *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

Here, Petitioner fails to show any prejudice resulted from counsel's alleged failure to present mitigating evidence at sentencing.[7] Petitioner was convicted by a jury of evading arrest and before the factfinder commenced sentencing, reached an agreement with the district attorney. Petitioner's agreement set forth he would receive the minimum 25 year sentence on the evading arrest charge and plead guilty to his pending possession of cocaine case receiving the minimum 2 year sentence, with both sentences to run concurrently. Accordingly, defense counsel never presented any mitigating evidence. Even if defense counsel had presented any mitigating evidence at the time of Petitioner's sentence, the outcome would have been the same because Petitioner received the minimum sentence possible. Therefore, Petitioner fails to state any prejudice resulting from the alleged deficient performance. The state court denied relief on this claim and Petitioner has not shown this was an unreasonable application of *Strickland*. The failure to present mitigating evidence at sentencing by counsel did not affect the knowing and voluntary nature of Petitioner's plea. Therefore, it is recommended summary judgment be entered for Respondent on this issue.

---

[7] The undersigned does not examine the question of whether counsel's performance was deficient because it finds Petitioner was not prejudiced by the conduct in question.

### C.      Request for an Evidentiary Hearing

Petitioner has requested an evidentiary hearing. (D.E. 4, Page 11). Under AEDPA, requests for an evidentiary hearing are to be evaluated under the provisions of 28 U.S.C. § 2254(e)(2). If an applicant has failed to develop the factual basis of a claim in state court proceedings, a court shall hold an evidentiary hearing when the applicant shows:

> (A) the claim either relies on
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id*. § 2254(e)(2)(A)-(B). A petitioner must have been afforded a full and fair hearing by the state court on the factual issues underlying his claim, which does not necessarily require live testimony as a paper hearing is sufficient. *Murphy v. Johnson*, 205 F.3d 809, 815-16 (5th Cir. 2000). In order to be entitled to an evidentiary hearing in federal court, even if no evidentiary hearing was conducted by the state habeas court, a Petitioner must show either a factual dispute that would entitle him to relief or at least a factual dispute that would require development in order to assess the claim. *Murphy*, 205 F.3d at 815; *Robison v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998).

In the present case, while the state habeas court did not conduct an evidentiary hearing, it did rely on the trial record and the testimony it contained. Accordingly,

Petitioner cannot claim he had no opportunity to present relevant evidence under oath. Petitioner has not shown a factual dispute that would entitle him to relief. Nor has he shown any factual dispute that would require any further development in order to assess the merits of his claim. Petitioner alleges there is a factual dispute in regards to his mental state both at the time of the offense and at trial; however, Petitioner does not present any evidence to support his claim that he was mentally incapacitated either at the time of the offense or at time of trial.  The undersigned has accepted all of Petitioner's non-record evidence in considering his claims and ruled on these claims accordingly. Therefore, it is respectfully recommended Petitioner's request for an evidentiary hearing be **DENIED.**

## V.     CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A District Court ruling on a petitioner's relief may rule *sua sponte* on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  "Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Id*.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added)

In Petitioner's case, reasonable jurists could not debate the dismissal or denial of Petitioner's §2254 petition on substantive or procedural grounds, nor find the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended the Court not issue a certificate of appealability.

## VI.    RECOMMENDATION

For the reasons stated above, it is respectfully recommended Respondent's Motion for Summary Judgment (D.E. 13) be **GRANTED,** Petitioner's request for an evidentiary hearing be **DENIED,** and Petitioner's application for habeas corpus relief be **DISMISSED.** It is further recommended a Certificate of Appealability be **DENIED**.

Respectfully submitted this 19th day of October, 2016.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).