United States District Court
Southern District of Texas
**ENTERED**
January 09, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BUFORD RANDLE, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL NO. 2:16-CV-21 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

# ORDER

Petitioner Buford Randle ("Randle") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement and conviction. Randle argues that he received ineffective assistance of counsel in his underlying criminal cases and his plea was involuntary. (*See* D.E. 4, Page 2).

On or about August 30, 2012, Randle was driving in the City of Corpus Christi with a defective right headlight when he was stopped by the police. (D.E. 12-3, Page 11). Randle had a suspended driver's license and no current insurance on the vehicle and he was taken into custody. (D.E. 12-3, Page 11). During an inventory search of the vehicle, officers discovered a small bag which contained a small glass pipe in the center console and a small brown rock-like substance on the backseat floorboard. (D.E. 12-3, Page 11). Randle was charged with Possession of a Controlled Substance (Cocaine) and indicted by a grand jury in Case Number 12-CR-2890-E. (D.E. 12-11, Page 49). Additionally, on or about February 17, 2014, Randle experienced some car trouble. After exiting his vehicle to look under the hood of his car, he was approached by two police officers. (D.E. 4, Page 3). Randle jumped in his car and drove away from the police. (D.E. 4, Page 3). The police eventually stopped and arrested Randle. (D.E. 4, Page 3). While in custody for evading arrest, Case Number 14-CR-0561-E, the state elected to pursue the prior offense for possession of a controlled substance. (D.E. 4, Page 3).

On October 21, 2014, a jury found Randle guilty of evading arrest with a vehicle. (D.E. 12-2, Pages 4-6). After being found guilty, Randle reached an

agreement with the prosecutor for the minimum punishment of 25 years in the Texas Department of Criminal Justice.[1] (D.E. 12-2, Page 7). The agreement also stated Randle would plead guilty to the possession of a controlled substance charge in Case Number 12-CR-2890-E. (D.E. 12-2, Pages 7-8). The parties further agreed to the minimum punishment of two years in Texas Department of Corrections for the possession of a controlled substance charge with the sentences for the two cases to run concurrently. (D.E. 12-2, Page 8).

The Court has before it Randle's memorandum of fact and law in support of his petition (D.E. 4), Respondent's motion for summary judgment (D.E. 13), Randle's response to Respondent's motion for summary judgment (D.E. 24), and the Memorandum and Recommendations ("M&R") of the Magistrate Judge to whom this case was referred pursuant to 28 U.S.C. § 636(b) (D.E. 25). The deadline to file objections to the M&R has passed, and the docket sheet shows that no objections have been filed. *See* 28 U.S.C. § 636(b)(1) (setting a 14-day deadline to file objections); Fed. R. Civ. P. 72(b)(2) (same); *see also* M&R, D.E. 25, at 24 (advising parties of the 14-day deadline).

After independently reviewing the record and considering the applicable law, the Court adopts the Magistrate Judge's proposed findings and recommendations; **GRANTS** Respondent's motion for summary judgment (D.E. 13), **DISMISSES** the petition for a writ of habeas corpus (D.E. 1); and **DENIES** Petitioner a certificate of appealability. The Court further **DIRECTS** the Clerk to close this case after entering the accompanying judgment.

It is so **ORDERED**.

SIGNED this 9th day of January, 2017.

Hilda Tagle
Senior United States District Judge

---

[1] Randle was convicted of evading arrest or detention using a vehicle, a third degree felony, and as a habitual felony offender. (D.E. 12-14, Page 56). The indictment indicates Randle was previously convicted of two felonies: bail jumping on August 31, 2004 and aggravated assault on January 15, 2009. (D.E. 12-14, Pages 48-49). At sentencing, Randle pled true to the habitual felony offender enhancement as stated in the indictment, (D.E. 12-2, Pages 14-15 and D.E. 12-14, Page 56), which would enhance the penalty to a term of 25-99 years. *See* Tex. Penal Code § 12.42.