United States District Court
Southern District of Texas

**ENTERED**
March 22, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BUFORD  RANDLE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-21 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending is Petitioner's Motion for Certificate of Appealability.  (D.E. 30). For the reasons stated below, it is respectfully recommended this Motion be **DENIED**.

Petitioner is an inmate in the Texas Department of Criminal Justice who, proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 on January 13, 2016 challenging his 2014 Nueces County convictions for evading arrest and possession of a controlled substance.  (D.E. 1 and D.E. 4).   On October 19, 2016, the undersigned entered a Memorandum and Recommendation ("M & R") recommending Petitioner's application for habeas corpus relief be dismissed and a certificate of appealability be denied.  (D.E. 25).  On January 9, 2017, this M & R was adopted and a final judgment was entered.  (D.E. 27 and D.E. 28).  In the Order adopting the M & R, the District Judge, noting that Petitioner had not filed any objections to the M & R, independently reviewed the record and considered the applicable law before adopting the M & R, dismissing the petition and denying Petitioner a certificate of appealability.  (D.E. 27, Page 2).  Petitioner filed a Notice of Appeal and the pending Motion for Certificate of Appealability on March 20, 2017.  (D.E. 29 and D.E. 30).

Petitioner asserts he is entitled to a Certificate of Appealability because he must rely on other inmates for assistance because he is illiterate, has mental disorders and does not understand the law.  (D.E. 30, Page 2).  Petitioner also reasserts the ineffective assistance of counsel arguments he raised in his petition.  Petitioner's alleged mental disorders were addressed at length in the M & R, including those relating to his claims of ineffective assistance of counsel.  (D.E. 25).  Further, Petitioner has actively participated in this action by filing the petition, *in forma pauperis* applications, motions for extension of time and for discovery and a response to Respondent's dispositive motion, in addition to the pending motion.  (D.E. 1, D.E. 2, D.E. 4, D.E. 14, D.E. 16, D.E. 19, D.E. 21, D.E. 24, D.E. 30, D.E. 31 and D.E. 32).

The undersigned made a recommendation to deny Petitioner's §2254 petition and to deny a certificate of appealability and the District Judge then made a *de novo* review of the recommendation and accepted it.  Petitioner has not made a substantial showing of the denial of a constitutional right so as to entitle him to a certificate of appealability.  28 U.S.C. § 2253(c)(2).  Because Petitioner's Motion for Certificate of Appealability has previously been denied by the Order adopting the M & R and because Petitioner raises no new issues, the undersigned respectfully recommends Petitioner's Motion for Certificate of Appealability be **DENIED**.  (D.E. 30).

ORDERED this 22nd day of March, 2017.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).